UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTOFER C. KELLEY,<br><br>                   Plaintiff,<br><br>     v.<br><br>DOES 1-10,<br><br>                 Defendants. | Case No. 3:26-cv-05474-TMC<br><br>ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) |

## I.   INTRODUCTION

This case comes before the Court on its review of the record. On May 6, 2026, self-represented Plaintiff Kristofer Kelley filed a proposed complaint and an application to proceed *in forma pauperis*. Dkt. 1. On June 5, the Honorable Theresa L. Fricke, United States Magistrate Judge, granted the application to proceed IFP but cautioned that the assigned District Judge would review the complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. 4. Having reviewed Mr. Kelley's complaint, the Court finds that the complaint does not identify any basis for federal jurisdiction. Mr. Kelley is ordered to file a proposed amended complaint no later than August 7, 2026. If he fails to do so, the Court will dismiss his case without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Kelley's motion for leave to conduct early discovery (Dkt. 6) is DENIED.

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 1

## II.    LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## III.    REVIEW OF THE COMPLAINT

Mr. Kelley alleges that beginning in 2022, he experienced a series of events "involving suspected unauthorized access to Plaintiff's accounts, devices, and associated services." Dkt. 5 at 1. These events led to "loss of access to core accounts, unauthorized or unexplained changes to credentials, and disruption of authentication pathways necessary to operate the business,"

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 2

harming Plaintiff's business, River Unchosen LLC. *Id.* at 1–2. Mr. Kelley asserts claims against unknown Doe defendants for "unauthorized access to protected systems; interference with accounts and services; negligence or improper handling of devices or credentials; and related claims to be determined through discovery." *Id.* at 3.

### IV.    DISCUSSION

District courts must establish that they have subject matter jurisdiction to hear a case. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments" and it has an obligation to establish subject matter jurisdiction "*sua sponte*, whether the parties raised the issue or not."). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may claim that a federal court has subject matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

For diversity jurisdiction, the plaintiff must allege that the parties are completely diverse (typically meaning the plaintiffs and defendants are citizens of different states) and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For federal question jurisdiction, the question turns on whether the complaint contained a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction arises only if the complaint "affirmatively allege[s] a

federal claim." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Mr. Kelley states in his complaint that this Court has federal question jurisdiction, but he has not stated a claim that arises under the Constitution, laws, or treaties of the United States. But this is an error that can be potentially corrected. Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See Corinthian Colls.*, 655 F.3d at 995 ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

### V.   CONCLUSION

The Court ORDERS Mr. Kelley to file a proposed amended complaint no later than August 7, 2026. If Mr. Kelley fails to do so, or if the proposed complaint still fails to contain a basis for the Court's jurisdiction, the Court will dismiss the complaint without prejudice. Because Mr. Kelley has failed at this stage to invoke the Court's jurisdiction, his motion for leave to conduct early discovery (Dkt. 6) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 4